IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ESTATE OF GRACE KALAMA, by and
through her personal representative, Debbie
Scott; ESTATE OF SEAN STARR, by and
through his personal representative, Ramona
Starr, VALERIE SUPPAH, by and through her
personal representative, Lucille Suppah; and
LADAMERE KALAMA, by and through his
conservator, Elmer Scott,

                        Plaintiffs,

                v.

JEFFERSON COUNTY, a political subdivision
of the State of Oregon; JASON MICHAEL
EVAN; THE CONFEDERATED TRIBES OF
THE WARM SPRINGS RESERVATION OF
OREGON; TOD HENRY KERR; and DOES (1
through 5),

                        Defendants.

2:12-cv-1766-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

1 - FINDINGS AND RECOMMENDATION

*Pending Motions*

Debbie Scott, as personal representative of the estate of Grace Kalama, Ramona Starr, as personal representative of the Estate of Sean Starr, Lucille Suppah, as personal representative of the Estate of Valerie Suppah, and Elmer Scott, as conservator for Ladamere Kalama (collectively "Representatives"), bring this action against Jefferson County, Jason Michael Evan, The Confederated Tribes of the Warm Springs Reservation of Oregon, Tod Henry Kerr and Does 1 through 5, pursuant to 42 U.S.C. § 1983, alleging a deprivation of rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States, and for wrongful death and personal injury under Oregon State law. This action arises from an accident involving a car driven by April Scott-Kalama ("Scott-Kalama") and a car driven by Warm Springs Tribal Police Officer, Tod Henry Kerr ("Kerr"). The Representatives seek both compensatory and punitive damages.

The Confederated Tribes of the Warm Springs Reservation of Oregon ("Confederated Tribes") and Kerr filed a Motion to Dismiss the Representatives' Complaint, with prejudice, under Rule 12(b)(1) for lack of subject matter jurisdiction, including failure to exhaust remedies in Tribal Court, and Rule 12(b)(6) for failure to state a claim. Oral argument was heard and, for the reasons that follow, the Confederated Tribes and Kerr's Motion to Dismiss should be granted.

*Factual Background*

For purposes of the present Motion to Dismiss only, the Confederated Tribes and Kerr rely upon the facts as alleged in the Representatives' Complaint. (Defs.' Mem. Dismiss 3.) Accordingly, the court sets forth the following facts:

2 - FINDINGS AND RECOMMENDATION

On September 29, 2010, at approximately 10:00 p.m., Grace Kalama, then five years of age, was in a child's restraint device as a rear-seat passenger in a 2005, four door, gray Toyota Corolla ("Corolla"), driven by Scott-Kalama.  (Compl. ¶ 17.)  Similarly, Ladamere Kalama, then six years of age, was in a child's restraint device as a rear-seat passenger in the Corolla driven by Scott-Kalama. (Compl. ¶ 18.)  Additionally, Sean Starr was a rear-seat passenger, and Valerie Suppah was a front-seat passenger in the Corolla driven by Scott-Kalama.  (Compl. ¶¶ 19-20.)

On that same night, at approximately 9:50 p.m., Jefferson County Sheriff's Office received a report of a burglary of certain stereo equipment and shots fired at a stereo business located in the City of Madras, Oregon.  No injuries were reported.  The burglary suspect's vehicle was described as being a "blue or grey Ford Focus."   The report was dispatched to working patrol officers including Jason Michael Evan ("Evan").  (Compl. ¶ 21.)

On September 29, 2010, at approximately 10:07 p.m., while on duty, Evan spotted the Corolla driven by Scott-Kalama.  Evan followed the subject Corolla and made a traffic stop of said vehicle at approximately 10:10 p.m.  Immediately before the stop, Evan ran the Corolla's plates and learned the identity of the registered owner.  (Compl. ¶ 22.)

Following the traffic stop and his subsequent inspection of the Corolla and its occupants, Evan observed the vehicle to have "three" adult occupants.  Evan's report states he "noticed a stereo speaker in the rear passenger's lap" and based upon this observation determined "at that point I knew this was the suspect vehicle from the burglary call . . . ."  Evan's report is silent as to the presence of minor children in the car.  (Compl. ¶ 23.)

A few minutes later, at approximately 10:10 p.m., the Corolla driven by Scott-Kalama left the scene of the traffic stop.  (Compl. ¶ 24.)  Evan immediately engaged and sustained his patrol car

3 - FINDINGS AND RECOMMENDATION

in a high speed pursuit of the Corolla driven by Scott-Kalama. In fact, Evan reached speeds of not less than 80 miles per hour. (Compl. ¶ 25.) At the time of his decision to pursue Scott-Kalama's Corolla at a high speed, Evan had the following information: (1) the license plate and registered owner of the Corolla; (2) a burglary had been reported at a stereo store in Madras, Oregon; (3) the burglary suspect's car was described as a "blue or grey Ford Focus"; and, (4) a rear passenger in the Corolla had a stereo speaker in his lap. (Compl. ¶ 25.)

At the same time as the events described above, Kerr was monitoring the activities of Evan. (Compl. ¶ 26.) Kerr left the Warm Springs Reservation, entered Jefferson County, and traveled generally southbound on Oregon State Highway 26 to "assist" Evan. Kerr[1] reached speeds of not less than 80 miles per hour. (Compl. ¶ 26.)

At approximately 10:14 p.m., the Corolla, driven by Scott-Kalama, collided with the oncoming Warm Springs Tribal Police car driven by Kerr. In fact, Kerr "T-boned" Scott-Kalama's car killing four of the five occupants of the Corolla, including Scott-Kalama, Grace Kalama, Valerie Suppah, and Sean Starr, and severely injuring Ladamere Kalama. (Compl. ¶ 27.)

Grace Kalama died intestate on September 29, 2010, from injuries sustained in the collision. Thereafter, by an order duly made and entered in the Circuit Court of Jefferson County, Oregon,

---

[1]In paragraph 26 of the Complaint, the Representatives allege: "Defendant Evan[] reached speeds of not less than 80 miles per hour." Read in the context of paragraph 26, and the Complaint as whole, the court assumes the Representatives intended to allege: "Defendant *Kerr* reached speeds of not less than 80 miles per hour." Moreover, at oral argument, the court inquired as to the allegations regarding Kerr's speed on that night. The Representatives' counsel responded: "Officer Kerr was coming from the opposite direction, and his automobile was equipped with like a black box. And it shows essentially full throttle, up to the point that he put on the breaks. So we don't know his exact speed, but it was fast." (Transcript Mot. Dismiss (Rough Draft) 6:11-15, May 10, 2013.)

4 - FINDINGS AND RECOMMENDATION

Debbie Scott was appointed the Personal Representative of the Decedent's estate.  At the time of her death, Decedent was a minor child of the age of five years.  (Compl. ¶ 4.)

Sean Starr died intestate on September 29, 2010, from injuries sustained in the collision. Thereafter, by an order duly made and entered in the Circuit Court of Jefferson County, Oregon, Ramona Starr was appointed the Personal Representative of the Decedent's estate. At the time of his death, Decedent was 22 years of age.  (Compl. ¶ 5.)

Valerie Suppah died intestate on September 29, 2010, from injuries sustained in the collision. Thereafter, by an order duly made and entered in the Circuit Court of Jefferson County, Oregon, Lucille Suppah was appointed Personal Representative of the Decedent's estate. At the time of her death, Decedent was 25 years old.  (Compl. ¶ 6.)

Ladamere Kalama sustained serious physical injuries on September 29, 2010, from the auto accident.  Thereafter, by an order duly made and entered in the Circuit Court of Jefferson County, Oregon, Elmer Scott was appointed Conservator for Ladamere Kalama.  At the time of his injuries, Ladamere Kalama was a minor child of the age of six years.  (Compl. ¶ 7.)

Kerr was, at all relevant times, employed as a police officer by the Confederated Tribes and was on duty and acting within the course and scope of his employment as a police officer for the Confederated Tribes.  (Compl. ¶ 11.)

On or about September 29, 2010, Defendants Jefferson County and Warm Springs owned and maintained the police vehicles operated by Evan and Kerr, respectively.  Evan and Kerr operated their vehicles as agents and in the course and scope of their employment as a sheriff officer for Jefferson County and a police officer for Warm Springs Confederated Tribes.  (Compl. ¶ 14.)

5 - FINDINGS AND RECOMMENDATION

On March 22, 2011, in conformity with the statutes of the State of Oregon and the regulations of the United States Department of the Interior, a written tort claim notice for damages was presented to Defendants.  The claim notice set forth a statement of facts concerning the allegations of fault and damages suffered, which form the basis of this cause of action.  Despite such written notice of claim, Defendants have taken no action on the claim and the Representatives have received no payment from Defendants.  (Compl. ¶ 13.)

*Discussion*

The Confederated Tribes and Kerr move for dismissal of the Representatives' Complaint, with prejudice, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, including for failure to exhaust their remedies in Tribal Court, and under Rule 12(b)(6) for failure to state a claim.  Specifically, the Confederated Tribes and Kerr assert this court lacks subject matter jurisdiction over the Representatives' claims against them because, absent Congressional authorization or express waiver, both the Confederated Tribes and Kerr, acting in his official capacity, are insulated from suit in federal court by tribal immunity.  (Defs.' Mem. Dismiss 2.)  Additionally, the Confederated Tribes and Kerr maintain this court *should* refrain from exercising jurisdiction over the Representatives' claims against them to preserve the interests of comity between the United States and tribal sovereigns.  Finally, the Representatives have not alleged that they exhausted their remedies in Tribal Court and, accordingly, the pending matter should be dismissed or stayed while the Representatives pursue all available Tribal Court remedies.  (Defs.' Mem. Dismiss 2.)

The Confederated Tribes and Kerr also contend that the Representatives' First Claim for Relief alleging federal civil rights violations fails to state a facially plausible claim upon which relief may be granted under Rule 12(b)(6).  According to the Confederate Tribes and Kerr, because the

Representatives fail to allege sufficient facts to support any of the alleged constitutional violations referred to in their First Claim for Relief, that claim must be dismissed.  (Defs.' Mem. Dismiss 3.)  In response, the Representatives concede their failure to state claims for "punishment without trial by jury" under the Fifth, Sixth, Eighth and Fourteenth Amendments; for "intrusion of bodily security and integrity" under the Ninth and Fourteenth Amendments; and for a due process violation against the Confederated Tribes or Kerr (Pls.' Resp. 7-8) and, therefore, those claims are dismissed, with prejudice.  Additionally, the Representatives concede their claim for "restraint of liberty without warrant" under the Fifth and Fourteenth Amendments is encompassed by their Fourth Amendment unreasonable seizure claim and consent to dismissal of that claim.  (Pls.' Resp. 8.)  Lastly, with respect to their claim for "denial of equal protection of the laws" under the Fifth and Fourteenth Amendments, the Representatives seek leave to amend that claim to include allegations of deliberate conduct taken by Kerr and Evan with the intent to discriminate against the victims based upon a protected classification.  (Pls.' Resp. 8.)

The court will consider first the Confederated Tribes and Kerr's request for dismissal and then address the Representatives' request for leave to amend their Complaint.

I.    Motion to Dismiss

A.    *Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id*.  While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

B.    *Analysis*

There is no dispute in this case that suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation.  *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991); *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1398 (9th Cir.1993).  A tribe's sovereign immunity extends to individual tribal employees acting within their official capacity and the scope of their employment if the remedy plaintiff seeks will operate against the tribe.  *Maxwell v. County of San Diego*, 697 F.3d 941, 953 (9th Cir. 2012).  A remedy will operate against a tribe if the tribe is the "real, substantial party in interest." *Id*.  Tribal immunity divests the federal court of subject matter jurisdiction to entertain a dispute.  *See, e.g., Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007) ("[T]ribal immunity precludes subject matter jurisdiction in an action against an Indian Tribe."); *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010) ("Sovereign immunity is a threshold issue because it goes to the court's subject matter jurisdiction.").  *See also Maxwell v.*

*County of San Diego*, 708 F.3d 1075, 1082 (9th Cir. 2013) ("We also review *de novo* the district court's determination that it lacks subject matter jurisdiction because of tribal sovereign immunity.").

The Representatives acknowledge the Confederated Tribes is a federally-recognized sovereign Indian tribe. (Pls.' Resp. 3.) Moreover, the Representatives allege in their Complaint that, at all relevant times, Kerr was acting in his official capacity.  (Compl. ¶ 11.)    However, the Representatives assert the Confederated Tribes waived its sovereign immunity for the claims asserted here by adopting a waiver to tort actions.  (Pls.' Resp. 3, Ex. A (Warm Springs Tribal Code Ch. 205).)  In Provision 205.001, Chapter 205, "Tort Claims Ordinance", of the Warm Springs Tribal Code, the Confederated Tribes expressly authorize suits for tort claims in the Warm Springs Tribal Court.  (Pls.' Resp. Ex. A at 1.)  According to the Representatives, while the waiver specifies the Confederated Tribes may be sued only in Tribal Court, *id.* at § 205.04, "the waiver is express and signals the Tribes' amenability to suit."  (Pls.' Resp. 3.)  The Representatives contend allowing the suit in federal district court, but with the limitations as to amount presented in the Warm Springs Tribal Code, "would satisfy the purpose of the waiver to provide a forum whereby parties with just claims against the Confederated Tribes may redress them, while at the same time protecting the tribes with limitations as to recovery."  (Pls.' Resp. 3.)

The Representatives do not cite any legal authority for their position here, *i.e.*, the Confederated Tribes' authorization for a tort suit in Tribal Court signals its "amenability to suit" in this court.  Controlling law is to the contrary.  *See, e.g., Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (explaining that waivers of tribal sovereign immunity may not be implied; a waiver of immunity "must be unequivocally expressed"); *Allen v. Gold Country Casino*, 464 F.3d 1044,

9 - FINDINGS AND RECOMMENDATION

1047 (9th Cir. 2006) (a tribe's implied willingness to submit to federal lawsuits does not waive tribal sovereign immunity); *Demontiney v. United States ex rel. Dep't of Interior, Bureau of Indian Affairs*, 255 F.3d 801, 812 (9th Cir. 2001) (tribe did not waive its immunity to suit in federal court by expressing willingness to face suit in Tribal Court); *Quality Tooling, Inc. v. United States,* 47 F.3d 1569, 1574 (Fed. Cir. 1995) ("That the government has waived its immunity in the Court of Federal Claims does not imply that the government has waived its immunity in other courts."); *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 619-20 (9th Cir. 1992) (a waiver of immunity in state court does not ordinarily waive immunity in federal court).  Moreover, it is clear from reading the individual provisions, and Chapter 205 as a whole, the Confederated Tribes have expressly authorized a tort claim action in Tribal Court *only*, and there are express limitations on damages and claims for relief in that forum.  *See* Warm Springs Tribal Code § 205.001 (suit in other courts permitted only by federal law or by ordinance or resolution of the Tribal Council); § 205.004 ("The Tribes may be sued only in the Tribal Court . . . .").  In fact, § 205.004 expressly addresses the Confederated Tribes's immunity and it does so in terms that plainly precludes any waiver here.  The court concludes § 205.001 is  a limited waiver for tort actions in Tribal Court, and is not a waiver of immunity for all purposes.

The court is sympathetic to the tragic loss of life giving rise to this litigation, but it cannot reconcile the Representatives' position here with binding case precedent.  Creating an exception to tribal immunity based upon the Confederated Tribes limited consent to suit in Tribal Court directly conflicts with the Supreme Court's straightforward doctrinal statement, repeatedly reiterated in the holdings of this Circuit, that an Indian tribe is subject to suit in state or federal court "only where Congress has authorized the suit or the tribe has waived its immunity."  *Kiowa Tribe*, 523 U.S. at

754; *Allen*, 464 F.3d at 1046-48. Accordingly, the motion to dismiss the Confederated Tribes and Kerr for lack of subject matter jurisdiction should be granted with regard to all claims alleged against those Defendants.[2]

## II.    Leave To Amend

### A.    *Legal Standard*

Rule 15 governs amendments to pleadings. Where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Leave to amend should be freely given when justice requires. *Id.* The court applies a liberal standard to motions for leave to amend. *Amerisource Bergen Co. v. Dialysis West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). Nevertheless, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* Furthermore, "[w]here the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004) (quotations and citation omitted).

### B.    *Analysis*

The Representatives seek leave to file an Amended Complaint to allege Kerr acted in his individual capacity, as he lacked any authority as a Tribal officer to act outside of the reservation. Alternatively, they contend Kerr should remain in the suit in his capacity as a tribal deputy, but will file an Amended Complaint to include allegations that, while acting outside the Warm Springs

---

[2]Because this suit is barred by tribal immunity, the court need not reach the other bases for dismissal asserted by the Confederated Tribes and Kerr.

Reservation, tribal deputies such as Kerr work in concert with other law enforcement agencies and are under the direction of the County's Sheriff or designee.  (Pl.'s Resp. 3-4, Ex. B  ¶¶ 1, 2, 5 (Memorandum of Understanding Between Jefferson County, Oregon and The Confederated Tribes of the Warm Springs Reservation of Oregon Regarding the Deputization of Warm Springs Tribal Law Enforcement Officers).)  According to the Representatives, Kerr's authority here derives from Jefferson County rather than the Confederated Tribes and, as such, tribal immunity does not protect him.  (Pl.'s Resp. 4.)

As a threshold matter, the Confederate Tribes and Kerr lodge a general objection on procedural grounds to the Representatives' request to amend, *i.e.*, the Representatives did not attach a copy of the proposed pleading.  *See* LR 15-1(d)(1) ("A copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading.").  Here, the leave to amend is sought as an alternative to dismissal, with prejudice, of the Representatives' claims.  On a motion to dismiss, the court is required to allow amendment unless one of the enumerated conditions exist, *i.e.*, prejudice, undue delay, bad faith or futility.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 200) (*en banc*) ("A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  The court is mindful of the underlying purpose of Rule 15 – to facilitate a decision on the merits, rather than on the pleadings or technicalities.  *Id*. at 1127.  Therefore, the court declines the Confederated Tribes and Kerr's suggestion to "ignore" the Representatives' request to amend based upon noncompliance with LR 15-1(d)(1).

In their Reply Brief, the Confederated Tribes and Kerr do not oppose the Representatives' request to file an Amended Complaint to include allegations Kerr was acting either in his individual

capacity or under the direction of the Jefferson County Sheriff. Rather the Confederated Tribes and

Kerr simply assert the allegations of Complaint, as pleaded, are insufficient and must be dismissed

on the ground of tribal immunity. (Defs.' Reply 5.) The Representatives' request to file an

Amended Complaint to include allegations Kerr was acting either in his individual capacity or under

the direction of the Jefferson County Sheriff should be granted. Accordingly, the motion to dismiss

Kerr, because the claims against him are barred by tribal immunity, should be granted, but without

prejudice. As previously stated, those claims conceded by the Representatives should be dismissed

against Kerr with prejudice.

Finally, as mentioned above, the Representatives also seek to amend their Equal Protection

claim to include allegations of deliberate conduct taken by Kerr and Evan with the intent to

discriminate against the victims based upon a protected classification. (Pl.'s Resp. 8.) The

Confederated Tribes and Kerr oppose this proposed amendment on the ground it will be futile as the

new allegations fail to state any legally viable Equal Protection claim.[3] (Defs.' Reply 13.)

An equal protection claim arises when, without adequate justification, similarly-situated

persons are treated differently by a governmental entity. U.S. Const. Amend. XIV.[4] In order to

---

[3]Because the court is dismissing the claims against Kerr, without prejudice, it will consider whether the Representatives should be permitted to file an Amended Complaint to include allegations in support of their Equal Protection claim.

[4]A plaintiff may bring an Equal Protection claim under the Fifth Amendment to challenge the conduct of federal actors. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment Due Process and Equal Protection claims against the City of Los Angeles because defendants were not federal actors), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). *See also Weinberger v. Wiesenfeld*, 420 U.S. 636, 768-770 (1975) (Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment.).

13 - FINDINGS AND RECOMMENDATION

succeed on an Equal Protection claim under § 1983, a plaintiff must prove:  (1) he has been treated differently from others with whom he is similarly situated, and (2) the unequal treatment was the result of intentional or purposeful discrimination.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).  A plaintiff may satisfy the first element by demonstrating either the law is applied in a discriminatory manner, or it imposes different burdens on different classes of people. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995).  A plaintiff may satisfy the second element by demonstrating either he is a member of a protected class, or, in some limited circumstances, he may proceed as a "class of one."  *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).

Here, the Representatives propose to allege facts to show Kerr and Evan took deliberate action with the intention of discriminating against the victims based upon their status as Native Americans.  The Confederated Tribes and Kerr contend these amendments will not survive a motion to dismiss and, therefore, are futile.  While the court agrees bare legal conclusions are insufficient under *Iqbal*, the court is unable to conclude that the Representatives can allege no set of facts that would constitute a valid Equal Protect claim under the Fourteenth Amendment.  *See Mendez v. City of Scottsdale, Ariz.*, No. CV-12-285-PHX-GMS, 2012 WL 3870364, at *5 (D. Ariz. Sept. 6, 2012) (court dismisses Equal Protection claim when plaintiff fails to allege either that defendant discriminated against him based on his membership in a protected class, or that he was intentionally treated differently from others similarly situated); *Alexander v. City & County of Honolulu*, 545 F. Supp. 2d 1122, 1131 (D. Haw. 2008) (same).  The court will allow the Representatives an opportunity to set forth their facts to show Kerr and Evan acted deliberately and with intent to discriminate against the injured and deceased because of their status as Native Americans.

14 - FINDINGS AND RECOMMENDATION

Accordingly, the Representatives should be granted leave to file an Amended Complaint to include allegations in support of their Equal Protection claim.

*Recommendation*

Based upon the foregoing, the Confederate Tribes and Kerr's Motion to Dismiss (doc. # 16) on the ground of tribal immunity should be GRANTED, with prejudice, as to the Confederated Tribes and, without prejudice, as to Kerr.  Additionally, based upon the concessions in the record by the Representatives, their claims for "punishment without trial by jury" under the Fifth, Sixth, Eighth and Fourteenth Amendments; for "intrusion of bodily security and integrity" under the Ninth and Fourteenth Amendments; for a due process violation against the Confederate Tribes and Kerr; and for "restraint of liberty without warrant" under the Fifth and Fourteenth Amendments should be dismissed, with prejudice.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due **June 7, 2013**.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 21st  day of May 2013


   /s/ Patricia Sullivan                                     
                    Patricia Sullivan
              United States Magistrate Judge


15 - FINDINGS AND RECOMMENDATION