IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ESTATE OF GRACE KALAMA**, by and through her personal representative, Debbie Scott; **ESTATE OF SEAN STARR**, by and through his personal representative, Ramon Starr; **ESTATE OF VALERIE SUPPAH**, by and through her personal representative, Lucille Suppah; and **LADAMERE KALAMA**, by and through his conservator, Roland Kalama III.<br><br>   Plaintiffs,<br><br>  v.<br><br>**JEFFERSON COUNTY**, a political subdivision of the state of Oregon; and **JASON MICHAEL EVANS**,<br><br>   Defendants. | Case No. 3:12-cv-01766-SU<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on November 18, 2014. Dkt. 95 (hereinafter "F&R"). Judge Sullivan recommended that Defendants' motion for summary judgment be granted and that the federal claims of Plaintiffs' representatives ("Representatives") be dismissed with prejudice. With regard to

PAGE 1 – ORDER

Representatives' state-law negligence claims, however, Judge Sullivan recommended that the Court decline to exercise supplemental jurisdiction and that they be dismissed without prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed an objection, Dkt. 97, to which Representatives responded. Dkt. 98. Defendants object to the portion of Judge Sullivan's F&R recommending that the Court decline to exercise supplemental jurisdiction over Representatives' state-law claims. As no party has objected to the portion of the F&R regarding the federal claims, the Court reviews that portion for clear error on the face of the record. As no such error is apparent, the Court adopts that portion of the F&R. The Court reviews *de novo* the portion of the F&R regarding the state-law negligence claims and adopts that portion as supplemented below.

PAGE 2 – ORDER

Plaintiffs' decedents and Plaintiff Kadama (collectively, the "Occupants") were occupants of a car involved in a high-speed chase with Jefferson County police on September 29, 2010. The car was stopped by police officer Evans on suspicion that the Occupants had committed an armed burglary. Initially, the car pulled over, but as Evan began to approach, the car drove away at high speed. Shortly thereafter, the car collided with that of a Warm Springs police officer. Valerie Suppah, Sean Starr, and Grace Kalama were killed, and Ladamere Kalama was permanently disabled.

Defendants contend that there is sufficient evidence in the record to find on summary judgment that the Occupants of the car committed the armed burglary that prompted Evans to pull them over. Therefore, Defendants argue, Representatives' negligence claim is barred by Or. Rev. Stat. ("ORS") § 31.180, which provides a complete defense in personal-injury and wrongful-death actions if, "at the time" of damage, the person was committing a Class A felony that was a substantial factor contributing to the damage. Defendants argue that the negligence claims therefore can be decided as a matter of law and that considerations of judicial economy, convenience, and fairness militate against restarting the litigation in state court.

Defendants' argument fails for at least two reasons. First, even if the evidence in the record were sufficient to establish on summary judgment that the Occupants of the car committed the armed burglary, Defendants have pointed to no authority or evidence that the armed burglary was ongoing at the time that the Occupants fled from a traffic stop.[1] *See* ORS § 164.225 (providing that first-degree burglary encompasses the "immediate flight" from the entry). Second, Defendants argue that ORS § 31.180 bars the claims of all the Plaintiffs, but have presented no evidence that *all* the Occupants of the car—including Ladamere Kalama, a 23-

---

[1] The driver of the car, April Scott, is not a party to this litigation. Moreover, fleeing a traffic stop is a Class C felony, ORS § 811.540, to which ORS § 31.180 does not apply.

PAGE 3 – ORDER

month-old infant—committed the armed burglary. Indeed, both Ladamere and Grace Kalama were less than twelve years old at the time of the incident; their conduct could not constitute any sort of crime, let alone a Class A felony. *See* ORS § 161.290 (defining the immaturity defense).

These are just two of the several issues of law and fact that must be resolved to decide Representatives' negligence claims. Such issues, in a case with no remaining federal claims, are most appropriately resolved in the courts of this State. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, the Court ADOPTS Judge Sullivan's Findings and Recommendation (Dkt. 95). With respect to Representatives' federal claims, Defendants' motion for summary judgment is GRANTED and Representatives' federal claims are DISMISSED with prejudice. The Court declines to exercise jurisdiction over Representatives' state-law negligence claims, which are DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 4th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge